0098

John G. FRANCIS, Eulie Benton, Mazie Solomon, W. Ben DeWitt, Harold Dupree, as members of and constituting the County Council for Clarendon County, Appellants, v. R. Ferrell COTHRAN, Jr., Bobbie C. Reaves, William Parker, Lacey Coker and Dallas Robinson, as members of and constituting the Clarendon County Election Commission and Moses Levy, Jr., Respondents.

(313 S. E. (2d) 332)

Court of Appeals

*Marion S. Riggs*, of *Rogers, Riggs & Rickenbaker*, Manning, for appellants.

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod, Sr. Asst. Atty. Gen. Treva G. Ashworth*, and *Asst. Atty. Gen. James M. Holly*, Columbia, *for respondents.*

Feb. 24, 1984.

*Per Curiam:*

This is an action for a declaratory judgment that the office of Superintendent of Education of Clarendon County is no longer in existence. The suit was commenced by the members of the Clarendon County Council in their official capacity as the county governing body. The defendants were the members of the County Election Commission and the incumbent county superintendent of education. The circuit court declared the office to be in existence. The County Council appeals. We reverse.

The facts are undisputed. Prior to 1973 the law provided for the election of a county superintendent of education in Clarendon County. § 21-61 *et seq.*, Code of Laws of South Carolina, 1962. In 1973 the General Assembly enacted a local bill abolishing the office of county superintendent in Clarendon County. Act No. 319, Acts and Joint Resolutions of the General Assembly of South Carolina, Regular Session, 1973. This act was submitted to the Attorney General of the United States for preclearance pursuant to Section 5 of the Voting Rights Act of 1965, 42 U.S.C. § 1973c. By letter dated November 13, 1973, the Attorney General interposed an objection to abolition of the office.

The office of county superintendent had fallen vacant prior to the passage of Act No. 319 of 1973. It remained vacant until

November, 1976, when the respondent Moses Levy, Jr., was elected to a four year term in the general election.

In August, 1979, the Clarendon County Council passed an ordinance abolishing the office of county superintendent of education effective December 31, 1980. This ordinance was submitted to the Attorney General of the United States for Section 5 preclearance. By letter dated March 27, 1980, Assistant Attorney General Drew S. Days, III, informed the County that the Attorney General did not interpose any objection to abolition of the office.

Prior to the 1980 general election, a question arose as to the power of the County Council to abolish the office of county superintendent by ordinance. This action was commenced to obtain a declaratory judgment on the question. During the pendency of the litigation, the scheduled 1980 election was held. Respondent Levy again stood for the office and was elected without opposition to another four year term. In the summer of 1982, Levy voluntarily resigned the office in order to return to teaching. Since that time the office has remained vacant. We are informed by counsel that the office has no significant duties and that no one is presently interested in holding it.

The circuit court ruled that the office of county superintendent of education is still in existence in Clarendon County. The court reasoned that Act No. 319 of 1973 is not valid because of the Attorney General's 1973 objection to abolition of the office and that the 1979 ordinance is not valid because the County Council has no power to supersede an act of the General Assembly by ordinance.

In our judgment it was not necessary for the circuit court to reach the question of the County Council's power to abolish the office by ordinance. The office was abolished as a matter of state law by Act No. 319 of 1973. The Attorney General's 1973 objection pursuant to Section 5 did not effect a repeal of Act No. 319; that could only be done by the General Assembly. The objection simply prevented the act from being enforced as a matter of federal law. *See, Allen v. State Board of Elections,* 393 U.S. 544, 89 S. Ct. 817, 22 L. Ed. (2d) 1 (1969); H. R. Rep. No. 97-227, 97th Cong., 1st Sess. 42 (1981). Act No. 319, albeit unenforceable under Section 5, was still an existing state statute.

The bar to enforcement of Act No. 319 was removed when the Attorney General, in 1980, stated there was no Section 5 objection to abolition of the office. The County's 1979 submission requested consideration of the identical change contained in Act No. 319. Therefore, regardless of its form, it constituted a request for reconsideration of the Attorney General's objection to abolition of the office. *Blanding v. DuBose*, 454 U. S. 393, 102 S. Ct. 715, 70 L. Ed. (2d) 576 (1982). By concluding that abolition of the office had neither the purpose nor effect of denying or abridging the right to vote on account of race, the Attorney General removed any substantive basis for suspending enforcement of Act No. 319. Under Section 5 the question of whether the 1979 ordinance was valid as a matter of state law was irrelevant. *City of Lockhart v. United States*, — U. S. —, 103 S. Ct. 998, 74 L. Ed. (2d) 863 (1983).

In substance we are confronted with a case in which the office of county superintendent of education has been abolished in Clarendon County by state law. The Attorney General, pursuant to Section 5, does not object to abolition of the office. In these circumstances, we can ascertain no reasonable basis for holding that the office still exists and must be filled. Accordingly, the judgment of the circuit court is

Reversed.